UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT G. DUNN,

          Plaintiff,                  Civil No. 04-10013-BC
v.                                           Hon. David M. Lawson
                                              Magistrate Judge Charles E. Binder
UNITED STATES POSTAL SERVICE,
JOHN E. POTTER, Postmaster General,

          Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE, OVERRULING OBJECTIONS, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DISMISSING ACTION

The plaintiff is an employee of the United States Postal Service (USPS) who unsuccessfully applied for a position as postmaster for the Alger, Michigan post office. The position was given to Victor Diaz in settlement of a discrimination claim Mr. Diaz had against the USPS. Two counts remain of the plaintiff's amended complaint, the others having been dismissed by stipulation. The complaint alleges that the selection of Mr. Diaz for the position constitutes reverse race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623. The defendants filed a motion for summary judgment, which was addressed by Magistrate Judge Charles E. Binder pursuant to an order of reference for general case management under 28 U.S.C. § 636(b). On October 5, 2005, the magistrate judge filed a report recommending that the motion be granted and the case dismissed.

The magistrate judge suggested that the plaintiff failed to come forward with evidence that created a fact issue on the adverse action prong of the *prima facie* case, which must be established

when a plaintiff relies on circumstantial proof of illegal intent in discrimination cases. Alternatively, the magistrate judge concluded that the plaintiff was unable to rebut the defendants' legitimate non-discriminatory reason for selecting Mr. Diaz for the position. The plaintiff filed timely objections to the recommendation, and the matter is now before the Court for *de novo* review.

I.

The facts are well-summarized by the magistrate judge in his report and recommendation. Neither party objects to the factual recitation, and the Court adopts it here.

II.

The plaintiff objects to the following conclusions made by the magistrate judge: that the plaintiff could not establish the adverse action prong of a *prima facie* race or age discrimination case because the plaintiff was not considered for the position before Mr. Diaz was awarded the job; and that the justification the defendants put forth for giving the position to Mr. Diaz – the settlement of Mr. Diaz's suit against the USPS – was a legitimate, non-discriminatory reason that the plaintiff could not show was pretextual. The plaintiff argues that the withdrawal of the job opening in settlement of Mr. Diaz's claim is itself an adverse action because it precluded the plaintiff from consideration for the position. The plaintiff also argues that the settlement of discrimination claims is not a legitimate, nondiscriminatory reason for making employment decisions. Even if it were, the plaintiff asserts that the settlement of a discrimination case did not actually motivate the decision to award the position to Mr. Diaz, making the reason articulated by the defendants pretextual. The plaintiff's objections also suggest that he is making a disparate impact claim, something not addressed by the magistrate judge.

A.

The plaintiff's objections and response to the defendant's motion for summary judgment suggest confusion about the different methods by which one can prevail in a discrimination lawsuit: by proving disparate treatment or disparate impact. The plaintiff's arguments then confound the elements of each. Disparate treatment discrimination is the purposeful exclusion of a person from a job on the basis of an illegal motive, such as race, gender, age, or other statutorily-prohibited criteria. Disparate impact discrimination exists when employment policies, regardless of intent, adversely affect one protected group more than another and cannot be justified adequately. *Phillips v. Cohen*, 400 F.3d 388, 397 (6th Cir. 2005); *Lyon v. Ohio Education Ass'n and Prof'l Staff Union*, 53 F.3d 135, 138 (6th Cir.1995). "To show disparate impact, it is not necessary to show an intent to discriminate, but the plaintiff must demonstrate a connection between the challenged practice and the resulting disparities between protected and non-protected classes." *Bacon v. Honda of America Mfg., Inc.*, 370 F.3d 565, 576 (6th Cir. 2004) (citing *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 657 (1989) (clarifying that the "plaintiff must demonstrate that it is the application of a specific or particular employment practice that has created the disparate impact under attack")).

> The Supreme Court has long differentiated between the two theories of discrimination, and the distinction is relevant to plaintiffs' arguments:
>> "Disparate treatment" . . . is the most easily understood type of discrimination. The employer simply treats some people less favorably than others because of their race, color, religion, sex, or national origin. Proof of discriminatory motive is critical, although it can in some situations be inferred from the mere fact of differences in treatment . . . Claims of disparate treatment may be distinguished from claims that stress "disparate impact." The latter involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity. Proof of discriminatory motive . . . is not required under a disparate-impact theory.

*Lyon v. Ohio Educ. Ass'n and Professional Staff Union*, 53 F.3d 135, 138 (6th Cir. 1995) (quoting *International Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977)).

The *McDonnell Douglas* framework applied by the magistrate judge is only applicable in disparate treatment cases. That construct addresses proof of discriminatory intent by circumstantial evidence, and it requires the plaintiff to present a *prima facie* case, whereupon the defendant must offer a legitimate reason for its actions. If the defendant does so, the plaintiff cannot proceed unless he or she offers some evidence that the defendant's proffered justification is a pretext for unlawful discrimination. *See Kline v. Tennessee Valley Authority*, 128 F.3d 337, 342 (6th Cir. 1997). "[I]n typical disparate treatment cases, this Court applies the *McDonnell Douglas* four-part test for a *prima facie* case." *Birch v. Cuyahoga County Probate Court*, 392 F.3d 151, 165 (6th Cir. 2004); *Hein v. All America Plywood Co., Inc.*, 232 F.3d 482, 489 (6th Cir. 2000) (holding that "[t]o determine whether a plaintiff has a valid claim for illegal disparate treatment on the basis of age or weight, we apply the burden-shifting evidentiary framework originally articulated in *McDonnell Douglas Corp. v. Green*). In disparate treatment cases based on failure to promote, the plaintiff must make out a *prima facie* case of discrimination by showing

> (1) that he is a member of a protected class; (2) that he applied and was qualified for a promotion; (3) that he was considered for and denied the promotion; and (4) other employees of similar qualifications who were not members of the protected class received promotions.

*Leadbetter v. Gilley*, 385 F.3d 683, 690 (6th Cir. 2004) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). As the magistrate judge noted, these factors are modified slightly in reverse discrimination claims:

> In such cases, a plaintiff satisfies the first prong of the prima facie case by "demonstrat[ing] 'background circumstances [to] support the suspicion that the defendant is that unusual employer who discriminates against the majority.'" To

-4-

> satisfy the fourth prong in a reverse-discrimination case, the plaintiff must show that the defendant treated differently employees who were similarly situated but were not members of the protected class.

*Leadbetter*, 385 F.3d at 690 (citations omitted).

As noted above, disparate impact claims do not utilize this framework. Instead, a *prima facie* disparate impact case "is established when: (1) plaintiff identifies a specific employment practice to be challenged; and (2) through relevant statistical analysis proves that the challenged practice has an adverse impact on a protected group." *Isabel v. City of Memphis*, 404 F.3d 404, 411 (6th Cir. 2005). If the plaintiff meets this burden,

> the employer must show that the protocol in question has "a manifest relationship to the employment" – the so-called "business justification." *Griggs*, 401 U.S. at 432, 91 S. Ct. 849. If the employer succeeds, the plaintiff must then show that other tests or selection protocols would serve the employer's interest without creating the undesirable discriminatory effect.

*Ibid.* "An employer cannot be held liable for disparate impact if a legitimate business policy results in workforce disparities." *Bacon v. Honda of America Mfg., Inc.*, 370 F.3d 565, 579 (6th Cir. 2004).

The defendants and the magistrate judge appear to have been proceeding on the understanding that the plaintiff was making only a disparate treatment claim. The defendants' motion for summary judgement argues that the plaintiff fails to meet the requirements of a *prima facie* case under *McDonnell Douglas*, which describes the standard applicable in disparate treatment cases. The plaintiff did not disabuse them of this idea; in his response he claims that he can meet the *McDonnell Douglas* burden. To support his argument, he cites fourteen disparate treatment cases and only one disparate impact case, *Smith v. City of Jackson*, 544 U.S. 228 (2005). The magistrate judge's report analyzes the plaintiff's claim under the disparate treatment theory, and the plaintiff does not object to the application of the *McDonnell Douglas* framework to his case.

The papers submitted by the plaintiff do contain a few statements suggesting he is asserting a disparate impact claim. The plaintiff's response to the defendants' motion for summary judgment states, "Mr. Diaz was selected pursuant to a practice to settle EEO claims against the U.S. Postal Service without regard for his qualifications or those of the individuals who applied for the posted position." Pl.'s Resp. Br. at 1. On pages 13 and 14 of the plaintiff's response brief, he states that "[a]n employer's practices which have a disparate impact on older workers will support an age discrimination claim under the ADEA. . . . The Defendant's practice of settling EEO claims while facially neutral, has had an adverse impact on the Plaintiff." Pl.'s Resp. Br. at 13-14. The remainder of the plaintiff's eighteen-page response brief contains argument on the disparate treatment theory. The clearest reference to a disparate impact claim comes in the plaintiff's objections, where he states that "the undisputed circumstances demonstrate that there was a de facto 'adverse action' relating to Mr. Dunn's age (the disparate-impact claim)." Pl.'s Obj. to R&R at 3. However, the plaintiff fails to make any argument that he meets the *prima facie* case elements for a disparate impact claim, which requires him to show that "the challenged practice has an adverse impact on a protected group." *Isabel v. City of Memphis*, 404 F.3d 404, 411 (6th Cir. 2005). Instead the plaintiff states, "[I]t can be assumed reasonably that this practice had a disproportionate effect on older craft employees, including the Plaintiff." Pl.'s Resp. Br. at 14. The plaintiff then proceeds to argue that he is a member of a protected class, suffered an adverse employment action, was qualified for the position, and was rejected for a younger applicant. This is plainly the test for a disparate treatment case.

But even if the plaintiff is making a disparate impact claim, summary judgment is still appropriate. To avoid summary judgment in a disparate impact case, "the plaintiff must identify

employment practices challenged and show their disparate impact *on the protected group*." *Phillips v. Cohen*, 400 F.3d 388, 397 (6th Cir. 2005) (emphasis added). Even if the defendants have a policy of settling discrimination claims by offering promotions to those claiming they have been discriminated against, the plaintiff in this case has failed to provide any evidence that such a policy adversely affects a protected group. Contrary to the plaintiff's suggestion, this Court cannot "assume[] . . . that this practice had a disproportionate effect on older craft employees." Pl.'s Resp. Br. at 14. A plaintiff must come forward with evidence to avoid summary judgment. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Because the plaintiff has not come forward with any evidence of a policy that adversely affects a protected group, the plaintiff has failed to make out a disparate impact claim. To the extent his objections claim otherwise, they are overruled.

B.

In rejecting plaintiff's disparate treatment claim, the magistrate judge correctly observed that a plaintiff asserting a failure-to-promote claim in a disparate treatment case must provide evidence "that he was considered for and denied the promotion." *Leadbetter*, 385 F.3d at 690. This is the so-called "adverse action" prong of the test, and the magistrate judge concluded that the plaintiff was not ever considered for the position because the vacancy was withdrawn.

The plaintiff argues in his objections that he "would have been considered for the vacancy" had the position not been withdrawn, and that this is a sufficient adverse action to satisfy the *prima facie* case. Pl.'s Obj. to R&R at 3. However, despite the name given to this part of the test, a

showing that a plaintiff was adversely affected by the defendants' employment decision is not sufficient.  As the magistrate judge pointed out, the Sixth Circuit requires that an applicant be "considered for" the promotion and rejected, not just rejected.  *Leadbetter v. Gilley*, 385 F.3d 683, 690 (6th Cir. 2004); *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1020 (6th Cir. 2000).

The logic of this proposition is unassailable.  Under the *McDonnell Douglas* construct, discriminatory animus can be presumed only if one shows that he competed for a position, is a member of a protected class and the employer was aware of class membership, and was rejected. If there is no reason offered for the rejection, then by process of elimination class membership remains as the sole reason motivating the employer's action.  But if the employer is unaware of the applicant, it cannot possibly be motivated by class membership.

The plaintiff admits he was never considered for the position, and the deposition testimony submitted by the defendants confirms that fact.  Dennis Drotar, the Postal Service labor negotiator who offered the position to Mr. Diaz, testified that "Mr. Dunn wasn't part of any of the considerations that were made in awarding – or offering to Mr. Diaz, Alger as the postmaster." Def.'s Mot. Summ. J. Ex. C, Drotar Dep. at 25.  In fact, Mr. Drotar was not even aware that anyone had applied for the position.  In addition, Robert Harris, who was acting post office operations manager (POOM) at the time and responsible for interviewing and recommending a candidate for the position, testified that he did not know if anyone had applied for the Alger postmaster position before it was offered to Mr. Diaz:  "The position was pulled prior to my getting the applications." Pl.'s Resp. Ex. 3, Harris Dep. at 13.  Mr. Harris testified that he did not know who applied for the position and never reviewed any applications.  It is clear that Mr. Dunn was never considered for the position of Alger postmaster.

The plaintiff cites *Smith v. City of Jackson, Mississippi*, 544 U.S. 228 (2005), and *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971), for the proposition that "the undisputed circumstances demonstrate that there was a de facto 'adverse action' relating to Mr. Dunn's age (the disparate-impact claim)." Obj. to R&R at 3. *City of Jackson City* and *Griggs* are disparate impact cases. They are not relevant to a disparate treatment claim. Nothing in either of these cases suggests that the plaintiff can prevail on a disparate-treatment-failure-to-promote claim without showing he was considered for the promotion, and the plaintiff cites no other cases.

Even if the plaintiff could show that he was considered for the position, he is still unable to make out a *prima facie* case because he cannot show that "the defendant treated differently employees who were similarly situated but were not members of the protected class." *Leadbetter*, 385 F.3d at 690. The plaintiff has shown only that he was treated differently than Mr. Diaz, who was not similarly situated. Mr. Diaz had a discrimination claim against the defendants that Mr. Drotar believed had some merit:

> Offers aren't made where you don't believe that there's a good reason to make an offer. I won't settle frivolous charges brought before the U.S. Postal Service. Mr. Diaz had a formal complaint, and looking at the file there was possible grounds that this case would have ended up before a judge, and a judge would have decided this case.

Pl.'s Resp. to Def.'s Mot. Summ. J. Ex. 4, Drotar Dep. at 41. The Sixth Circuit has explained that "the plaintiff and the employee with whom the plaintiff seeks to compare himself must be similar in all of the relevant aspects" in order for the two to be similarly-situated. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir.1998) (internal quotation marks omitted). The plaintiff and Mr. Diaz are not similarly situated. The plaintiff cannot make out a prima facie case of disparate treatment discrimination, and the objection is overruled. *See White v. Columbus Metro*

*Housing Auth.*, 429 F.3d 232, 241-42 (6th Cir. 2005); *but see Alberts v. Motion Indus.*, 2006 WL 680837, *5 (E.D. Mich. 2006).

C.

The plaintiff objects to the magistrate judge's conclusion that the settlement of discrimination claims is a legitimate, nondiscriminatory reason for selecting Mr. Diaz for the position. However, the magistrate judge correctly pointed out that the settlement of a discrimination claim cannot form the basis for another discrimination claim unless bad faith is present. The Sixth Circuit has stated,

> [t]his Court is convinced that the consideration of a conciliation agreement which results in a consent decree as an act of discrimination against employees not benefited by that agreement would create a situation in which each settlement would spark new rounds of litigation, settlement of claims would be discouraged, and the courts would be continually faced with stale claims. Consequently, we hold that conciliation agreements resulting in consent decrees may not be considered independent acts of discrimination, as a matter of law, unless there are allegations of bad faith in making the agreement, that is, allegations that the agreement was not a bona fide attempt to conciliate a claim but rather an attempt to bestow unequal employment benefits under the guise of remedying discrimination.

*E.E.O.C. v. McCall Printing Corp.*, 633 F.2d 1232, 1237 (6th Cir. 1980). The plaintiff has presented no evidence that the defendants acted in bad faith by settling Mr. Diaz's claim.

The plaintiff argues that the magistrate judge ignored testimony by Mr. Drotar indicating the settlement of a discrimination case did not actually motivate his decision to award the position to Mr. Diaz. Yet the plaintiff admits in his own objections that "Mr. Drotar was an unabashed advocate for the U.S. Postal Service and saw his mission as settling EEO claims to preclude U.S. Postal Service from getting a 'black eye' in a discrimination case." Pl.'s Obj. to R&R at 4. The plaintiff has not pointed to any testimony by Mr. Drotar suggesting he was motivated by anything else. Mr. Drotar testified as follows:

-10-

> A.  It is my job as an advocate with the postal service to look even for a hint of discrimination or other issues that serve as motivation to seek settlement.
> Q.  And then in this particular case it was politically advantageous to resolve this thing before it went to trial, is what you're telling me by settlement?
> A.  I think any settlement is advantageous to going to trial.  There will be a loser at trial.  There will not be a loser in the resolution such as the one before us here with Mr. Diaz.
> . . .
> Q.  And just also for the record, state your motivation in settling Mr. Diaz's case.  What was the purpose of settling that case?
> A.  To avoid an unnecessary dispute in the courts from an employee who felt that they had been wronged and in reviewing the file, again, I felt that there was enough in the complaint of Mr. Diaz that this case would have found itself before a judge and it would have been a court that decided what the appropriate remedy would be.

Pl.'s Resp. to Defs.' Mot. Summ. J. Ex. 4, Drotar Dep. at 40, 54.  The defendants have submitted evidence that they settled the Diaz suit in good faith; the plaintiff has submitted no evidence to the contrary.  This settlement cannot be the basis for a discrimination suit.  *McCall Printing Corp.*, 633 F.2d at 1237.  The plaintiff again cites to *City of Jackson* in support of his argument.  As noted, however, this case has no relevance in a disparate treatment case, and the plaintiff cannot make out a *prima facie* disparate impact case.  The plaintiff's objection is overruled.

### III.

The Court agrees with the findings and conclusions of the magistrate judge.

Accordingly, it is **ORDERED** that the Magistrate Judge's Report and Recommendation [dkt # 33] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt # 34] are **OVERRULED**.

It is further **ORDERED** that the defendants' motion for summary judgment [dkt # 28] is **GRANTED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: August 22, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 22, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS